IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:84-cr-168-N (BT) |
| | § | |
| BONNIE BURNETTE ERWIN | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Bonnie Burnette Erwin, a federal prisoner, filed a motion for compassionate release under 18 U.S.C. § 4205(g) (ECF No. 118), and a motion for compassionate release under the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018) (ECF No. 127). For the following reasons, the Court should deny the motions.

I.

Erwin is serving a term of life imprisonment without parole for his 1985 federal conviction on numerous offenses related to drug trafficking in Dallas, Texas. *See United States v. Erwin*, 793 F.2d 656, 659-661 (5th Cir. 1986). Erwin seeks compassionate release under 18 U.S.C. § 4205(g) and the FSA stating he suffered a stroke in 2011, and his current medical condition qualifies him for release.

The FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to consider reducing a term of imprisonment "upon motion of the Director of the

[BOP], *or upon motion of the defendant*[.]" (emphasis added). Prior to the FSA, a district court could only consider a motion for reduction of sentence filed by the Director of the BOP.

The FSA's amendment to § 3582(c)(1)(A), however, does not apply to Erwin because his offense occurred prior to the enactment of § 3582(c)(1)(A). As the Fifth Circuit has stated, "18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after their effective date, November 1, 1987." *United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989); *see also* 28 C.F.R. § 572.40 (stating § 3582(c)(1)(A) applies to offenses that occurred on or after November 1, 1987.) Because Erwin's offense occurred prior to 1987, § 3582(c) and the FSA do not apply to him. His motion for compassionate release under the FSA should therefore be denied.

Erwin is also not entitled to compassionate release under 18 U.S.C. § 4205(g). Section 4205(g) was in effect at the time of Erwin's offense and remains applicable to his offense. *See* 28 C.F.R. § 572.40. (stating "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date.") Under § 4205(g), a court may reduce a defendant's sentence upon a motion by the BOP. *See* 18 U.S.C. § 4205(g) ("At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served.") (emphasis added). Here, the BOP has not filed a motion to reduce Erwin's sentence. Erwin is therefore not entitled to relief under § 4205(g).

II.

The Court should deny Erwin's motions for compassionate release. (ECF Nos. 118 & 127).

**Signed** March 9, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).