IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:84-cr-00168-N-1 |
| | § | |
| BONNIE BURNETTE ERWIN, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Bonnie Erwin's motion (ECF No. 150) and amended motion (ECF No. 151) seeking reconsideration of the decision to deny his prior requests for compassionate release and a sentence reduction. For the following reasons, the Court should deny Erwin's motions.

**Background**

Erwin is serving a term of life imprisonment without parole for his 1985 federal conviction on numerous offenses related to drug trafficking in Dallas, Texas. *See United States v. Erwin*, 793 F.2d 656, 659-661 (5th Cir. 1986). In 2019, he filed two motions for compassionate release, the first under 18 U.S.C. § 4205(g) (ECF No. 118), and the second under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (ECF No. 127), on the ground that his poor health qualifies him for release. The Court denied his motions by written order dated June 22, 2020 (ECF No. 146), in which the Court accepted the undersigned magistrate judge's proposed findings and recommendation that Erwin could not bring a motion for compassionate release under the First Step Act or § 4205(g).

1

Erwin's pending motions ask the Court to revisit its decision and grant him release in view of additional health concerns raised by the novel coronavirus. Erwin asks to be released to home confinement and states he can live with his brother in Omaha, Nebraska.

## Legal Standards and Analysis

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The policy statement applicable to compassionate release "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020). Extraordinary and compelling reasons include the "medical condition of the defendant," the "age of the defendant," and the defendant's "family circumstances." U.S.S.G. § 1B1.13 & cmt. n.1. The policy statement also includes a catch-all provision for "an

2

extraordinary and compelling reason other than, or in combination with," the other listed reasons. *Id.*

However, as the undersigned previously explained:

> "18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after their effective date, November 1, 1987." *United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989); *see also* 28 C.F.R. § 572.40 (stating § 3582(c)(1)(A) applies to offenses that occurred on or after November 1, 1987). Because Erwin's offense occurred prior to 1987, § 3582(c) and the FSA do not apply to him. . . .
>
> Erwin is also not entitled to compassionate release under 18 U.S.C. § 4205(g). Section 4205(g) was in effect at the time of Erwin's offense and remains applicable to his offense. *See* 28 C.F.R. § 572.40 (stating "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date"). Under § 4205(g), a court may reduce a defendant's sentence upon a motion by the BOP. *See* 18 U.S.C. § 4205(g) ("At any time *upon motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served.") (emphasis added). Here, the BOP has not filed a motion to reduce Erwin's sentence. Erwin is therefore not entitled to relief under § 4205(g).

Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 134), adopted by Order (ECF No. 146). Furthermore, § 3582(c)(1)(A), as amended by the First Step Act, does not authorize the Court to modify a prisoner's place of incarceration. *See United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020); *United States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020), *rec. adopted*, 2020 WL 2114844 (N.D.

Tex. May 1, 2020). And neither the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Publ. L. No. 116-136, enacted on March 27, 2020, nor the Memoranda of the Attorney General to the BOP Director, dated March 26 and April 3, 2020, provide the Court with statutory authority to modify a prisoner's place of incarceration. *See United States v. Meeks*, 2020 WL 3344111, at *3 (N.D. Tex. May 18, 2020), *rec. adopted*, 2020 WL 3317917 (N.D. Tex. June 17, 2020). Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995); *see also Depron*, 2020 WL 2308636, at *1 n.1. The BOP has not exercised that discretion with respect to Erwin, nor has it filed a motion to reduce his sentence.

Even if the Court were to consider the merits of Erwin's motions, it should find that he has not shown extraordinary and compelling reasons justifying compassionate release. Erwin, who is 78 years old, states that he has been diagnosed with prostate cancer and arthritis. He also suffered a stroke in 2011 that left him confined to a wheelchair. He claims that his life expectancy "is [ ] posibiliy [sic] of (18 months) or less," especially given the "strong potential for (BOP) facilities to become (petri dishes) for corona virus causes." Mot. 3 (ECF No. 150). And medical records submitted to the Court in support of his motions establish that Erwin is obese and has diabetes mellitus, hypertension, neuropathy, GERD, and gout. Am. Mot. 23-32 (ECF No. 151). However, those same records also establish that Erwin's myriad health conditions are being managed effectively with

4

medication and treatment. There is no evidence that Erwin is currently suffering from an unstable or unmanageable health condition. The Court is aware of the COVID-19 pandemic and the risks the virus poses to inmates in detention facilities. However, Erwin's general concerns about COVID-19 are insufficient to justify invoking § 3582(c)(1)(A). *See United States v. Parcon*, 2020 WL 6564723, at *2 (N.D. Tex. Nov. 9, 2020), *reconsideration denied*, 2020 WL 7075513 (N.D. Tex. Dec. 3, 2020) (holding that mere possibility that prisoner's advanced age (68) and "medical vulnerability" (diabetes, hypertension, and asthma) may make her more susceptible to severe symptoms should she contract COVID-19 does not suffice to create extraordinary and compelling circumstances).

## Recommendation

The Court should DENY Defendant Bonnie Erwin's Motion (ECF No. 150) and Amended Motion (ECF No. 151) for Reconsideration.

SIGNED December 30, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).